IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, 10 S. Howard Street, 3rd Floor Baltimore, MD 21201 | ) ) ) ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) ) | COMPLAINT |
| v. | ) ) | JURY TRIAL DEMAND |
| LEHIGH CEMENT CO., 675 Quaker Hill Road Union Bridge, MD 21791 | ) ) ) ) | |
| Defendant. | ) | |

## NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful

employment practices on the bases of sex (female) and retaliation and to make whole Amanda R.

Stevens and other similarly situated females at its plant and quarry in Union Bridge, Maryland.

As discussed in more detail below, Ms. Stevens was subjected to a sexually and retaliatory

hostile work environment, which included but was not limited to, sexually offensive comments,

noises, gestures, and pictures, retaliatory comments and other forms of harassment which

threatened her safety. Despite repeated complaints to management, Defendant failed to take

prompt and corrective action, thereby allowing the harassment to continue and intensify. In

addition, Defendant ultimately discharged Ms. Stevens in retaliation for complaining about the

harassment. Other similarly situated females have also been subjected to sexual harassment.

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to Sections 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq. ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981 A.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant, Lehigh Cement, Co. ("Defendant Lehigh Cement"), has continuously been and is now a Maryland corporation doing business in the city of Union Bridge and has at least fifteen employees.

5.      At all relevant times, Defendant Lehigh Cement has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g), and (h) of Title VII, 42 U.S.C. Section 2000e-(b), (g), and (h).

6.      More than thirty days prior to the institution of this lawsuit, Amanda R. Stevens filed a charge with the Commission alleging violations of Title VII by Defendant Lehigh Cement. All conditions precedent to the institution of this lawsuit have been fulfilled.

2

7.      Since at least February 2002, Defendant Lehigh Cement has engaged in unlawful employment practices at its plant and quarry in Union Bridge, Maryland, in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. Sections 2000e-2(a) and 2000e-3(a). The practices include the following:

a.      Subjecting Amanda R. Stevens to a sexually and retaliatory hostile and offensive work environment by condoning the sexually harassing and retaliatory behavior of Truck Driver/Material Handler Darin Martz and other male co-workers. Incidents of harassment committed by Martz and/or her co-workers include, but are not limited to the following: telling Stevens that her "ass was as big as her boobs," calling her a "fat bitch", spreading rumors that she was sleeping with co-workers, keying the mike so that she could not talk into the radio, leaving her to walk back to the plant from the quarry in the dark, dumping stone intentionally outside of her hopper thereby creating more work for her, filling her hardhat with mud and placing it in the trash, directing retaliatory comments to her after she complained, such as "oh, we have a rat in the room," "this fat bitch, she's a liar, a tattletale and a big baby," "[she's] going to get her ass kicked", leaving a pornographic picture and cartoon with her name written on it placed at the seat where she always sat to eat, keying her vehicle with the words "bitch" and "whore," slitting her tires, making crank phone calls originating from Defendant's premises, telling her "I can't wait to stick my dick in your mouth and slit your throat," barreling at her in the company truck, intentionally trying to choke up the sandhopper, making kissing noises over the radio whenever she asked a male co-worker to walk her to her car for safety reasons, repeatedly sealing her tool locker with silicone, gluing her padlock and greasing its handle; spitting on the driver's side of her windshield, scratching her car, summoning her to a work area where she found a pair of

3

breasts drawn with her name printed in the dust underneath them, and pretending to have sex with her doggy style when she bent over to pick something up at a meeting. Despite repeated complaints to management, Defendant failed to take prompt and corrective action, thereby allowing the harassment to continue and intensify.

 b. Discharging Stevens on March 16, 2005 for pretextual reasons, one day after Human Resources learned that Charging Party intended to obtain a lawyer to assist her with the ongoing harassment.

 c. Subjecting other similarly situated female employees to a sexually hostile work environment by condoning the sexually harassing behavior of its male employees, which included, but is not limited to, telling a female employee that she cannot do certain tasks because she is a woman and cornering and berating another female employee, causing her to fear for her safety.

 8. The unlawful employment practices complained of in paragraph 7 were intentional.

 9. The unlawful employment practices complained of in paragraph 7 were done with malice or with reckless indifference to the federally protected rights of Amanda R. Stevens and other similarly situated females.

 WHEREFORE, the Commission respectfully requests that this Court:

 A. Grant a permanent injunction enjoining Defendant Lehigh Cement, its officers, successors, assigns and all persons in active concert or participation with it, from sexually harassing its employees and retaliating against its employees;

4

B.     Order Defendant Lehigh Cement to institute and carry out policies, practices, and programs which provide equal employment opportunities for females and individuals who engage in protected activity, and which eradicate the effects of its past and present unlawful employment practices;

C.     Order Defendant Lehigh Cement to make whole Amanda R. Stevens and other similarly situated females by providing appropriate back pay with prejudgment interest and front pay in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

D.     Order Defendant Lehigh Cement to make whole Amanda R. Stevens and other similarly situated females by providing compensation for pecuniary and nonpecuniary losses, including emotional pain, suffering, anxiety, depression, embarrassment, degradation, and humiliation;

E.     Order Defendant Lehigh Cement to pay to Amanda R. Stevens and other similarly situated females punitive damages for its callous indifference to their federally protected right to be free from sexual harassment and retaliation in the workplace;

F.     Grant such further relief as the Court deems proper; and

G.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

5

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

JACQUELINE MCNAIR
Regional Attorney

DEBRA M. LAWRENCE
Supervisory Trial Attorney

MARIA SALACUSE
Senior Trial Attorney
Federal Bar No. 15562

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street
3rd Floor
Baltimore, Maryland 21201
Phone: (410) 962-4341
Fax: (410) 962-4270

6