**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

EQUAL EMPLOYMENT OPPORTUNITY     :
   COMMISSION
                                  :
v.                              Civil Action WMN-06-2739
                                    :

LEHIGH CEMENT CO.         :

## MEMORANDUM

Before the Court are cross motions urging the entry of proposed confidentiality orders submitted by the Equal Employment Opportunity Commission (EEOC), Paper Nos. 12, and by Defendant Lehigh Cement Co. (Lehigh).  Paper No. 15.  Prior to the filing of these motions, the parties had made some progress in resolving the areas of disagreement.  This give and take has continued throughout the briefing of these motions, although the Court notes that it seems that Defendant Lehigh has done the bulk of the giving and the EEOC the taking.  Regardless, many of the disagreements between the parties regarding the handling of confidential information have been resolved.  As explained below, the Court finds that last submitted proposed order, that submitted by Defendant Lehigh with its reply memorandum, best protects the various privacy interests at issue.

This suit arises out of the alleged sexual harassment of a former Lehigh employee, Amanda Stevens, by her co-workers.  The Complaint also alleges that Lehigh terminated Stevens' employment once it learned that she intended to consult a lawyer concerning the harassment.  During the EEOC's investigation of Stevens'

complaint, Lehigh asserted that Stevens was terminated for, _inter alia_, violating its substance abuse policy.  After Stevens filed a charge with the EEOC and conciliation efforts failed, the EEOC filed this action on October 17, 2006, seeking to enjoin continued sexual harassment and retaliation at Lehigh and to make whole Stevens and other similarly situated female Lehigh employees.

In response to interrogatories propounded by the EEOC on February 12, 2007, Lehigh presented the EEOC with a proposed protective order to provide for the protection of confidential information that would be disclosed through the discovery process.  The EEOC expressed two concerns about Lehigh's proposed protective order.  First, the EEOC wished to expand the scope of confidential information to include the identity of informants who disclose information about employees who may have violated Lehigh's substance abuse policies.  Second, the EEOC sought to modify the proposed order so that it could share confidential information with its "claimants."  The EEOC contends that other female employees of Lehigh who have suffered similar harassment are "tantamount to parties in this matter" and should have the same access to confidential material as the parties.

Lehigh accommodated the EEOC's first concern and agreed to enlarge the definition of confidential information to include the identity of informants.  See Pl.'s Ex. 4 (March 18, 2007 email from Def.'s counsel to Pl.'s counsel).  Lehigh did not agree to the second modification, however, noting that the EEOC was asking

2

to be able to disclose confidential information to "claimants" while the identity of those persons who were or may become claimants was still unknown to Lehigh.  Id.

Apparently, negotiations on the language of the protective order broke down shortly thereafter and the EEOC filed its motion on March 20, 2007.  In addition to its concern that it be able to share confidential information with its claimants, the EEOC's motion seeks to protect "highly personal and confidential information about the identified claimants" which Lehigh may obtain from non-parties.  Pl.'s Mot. ¶ 8.  The EEOC expresses particular concern about information obtained from its claimants' medical providers.  The EEOC contends that if that information is not deemed confidential, it would effectively circumvent the efforts made to protect this same information as provided by the claimants themselves.

In its motion, Lehigh advances two concerns of its own.  First, Lehigh seeks to protect its proprietary and confidential business information.  In addition, Lehigh seeks a heightened level of protection for "highly personal information regarding individuals that are not parties to this action" that is being sought by the EEOC.  Def.'s Mot. 1.  The EEOC, to support its argument that Lehigh's proffered reason for terminating Stevens was pretextual, is seeking information about all other employees who may be known or suspected to have abused drugs or alcohol so that the trier of fact can gauge if they were treated similarly to Stevens.  Lehigh's concern for the confidentiality of this

3

highly personal information is heightened by the fact that the
"claimants and many of Lehigh's employees are well known to each
other, live in the same small rural community, and share a common
network of friends and associates."  Def.'s Reply 4.

     To address its concerns, Lehigh submits a proposed
protective order that provides for two levels of confidentiality
with most confidential materials to be designated simply
"Confidential," but with a small segment of information to be
designated, "Attorneys' Eyes Only."  As the label implies, this
latter segment of information would be disclosable only to
counsel and legal staff, and not to the parties or claimants.
Lehigh's proposed order allows "Confidential" information to be
shared with EEOC "claimants," thus accommodating the EEOC's chief
concern.  In addition, the proposed order defines the information
protected under the order in broad enough terms to encompass
materials produced by third parties, such as medical records and
related documents, thus accommodating another of the EEOC's
concerns.

     The Court finds that Lehigh's proposed protective order, as
subsequently modified,[1] reasonably addresses the interests and

_____

     [1] With its motion, Lehigh submitted a draft order that
included a provision whereby a party desiring to disclose
"Attorneys' Eyes Only" information must first provide opposing
counsel with reasonable notice of such an intention so that there
would be the opportunity to establish a method to ensure the
continued confidentiality of the information.  The EEOC objected
to this provision, arguing that it would force the party seeking
to disclose such information to divulge privileged attorney-
client communications and attorney work product.  With its reply
memorandum, Lehigh submitted a proposed order omitting this

concerns of parties, claimants, and non-parties.  While a second level of protection will add some minor complexity to the discovery process, the Court finds this type of highly personal information warrants that heightened level of sensitivity, particularly as it pertains to strangers to this action.  The EEOC's argument that this second level of protection would be unnecessarily time-consuming is premised on an assumption that Lehigh will abuse this designation.  The Court does not share that assumption, but does caution both parties to use this heightened designation as sparingly as possible.

Thus, the Court will grant Lehigh's motion and enter the order proposed by Lehigh, as subsequently modified, and will deny the EEOC's motion.

_____/s/_____
William M. Nickerson
Senior United States District Judge

Dated: May 8, 2007

---

provision.  Other provisions in this proposed order allow parties to challenge the designation of material as "Confidential" or "Attorneys' Eyes Only."  The EEOC has not objected to these provisions.